# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

RICHARD GARY DEKRUYFF, )
)
      Petitioner, )
)
vs. ) Case No. 11-1252-CV-W-FJG-P
)
BOB BOYDSTON, et al., )
)
      Respondents.

## OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS

Petitioner, a pretrial detainee currently confined at the Clay County Detention Center in Liberty, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his continuing confinement on a charge of trafficking in drugs in the second degree pending against him in the Circuit Court of Clay County, Missouri, State v. Richard G. Dekruyff, Jr., Case No. 09CY-CR04071. Petitioner raises three grounds for relief in which he contends that Clay County, Missouri, is denying him the right to a speedy trial, that his "writ of habeas corpus was denied for reason's unknown," and that his counsel's representation on the pending charge has been ineffective. Doc. No. 1, pp. 4-6.

## FACTUAL BACKGROUND

On October 20, 2009, a grand jury indictment was issued for plaintiff by the Clay County Circuit Court. Doc. No. 6, p. 1. The Missouri Case.Net electronic docket sheet shows that, on May 2, 2011, petitioner filed a Motion for Disposition of Detainer in accordance with the Uniform Mandatory Disposition of Detainers Law codified at Mo. Rev. Stat. § 217.450-217.485 (2004) while in a separate detention facility. A writ of habeas corpus ad prosequendum subsequently was ordered, and petitioner was arraigned by the Clay County Circuit Court on May 16, 2011. Doc. No. 6, p. 1;

Doc. No. 8, p. 1. According to the docket sheet, on June 16, 2011, petitioner was re-arraigned and, at petitioner's request, no trial date was set. Respondent points out, and the docket sheet supports, that the Clay County Circuit Court has set several trial dates that have been continued at petitioner's request and that the state never has requested a continuance of a trial date in petitioner's case. Doc. No. 6, pp. 1-2. Petitioner denies that he has requested a continuance and alleges that the state has requested a continuance "at all subsequent hearings." Doc. No. 8, p. 1.

On September 14, 2011, petitioner filed a motion to dismiss for failure to try him within 180 days of disposition, and the state circuit court twice denied him relief. Doc. No. 6, p. 2; Doc. No. 8, pp. 1-2. On November 14, 2011, petitioner filed a Notice of Appeal in the Missouri Court of Appeals, Western District, and on January 4, 2012, petitioner's Notice of Appeal was dismissed because petitioner failed to appeal an order that was either final or without further remedy under Mo. Rev. Stat. § 547.070. Doc. No. 6, p. 2; Doc. No. 8, p. 2. The most recent entry on the docket sheet on March 22, 2012, shows that petitioner's case was continued for good cause shown by petitioner and that a hearing is scheduled for April 15, 2012.

## DISCUSSION

Respondents argue that this petition ought to be denied, because petitioner has failed to exhaust available state remedies. Doc. No. 6, pp. 2-3. Respondents contend that petitioner must present his claims to the state courts "in a vehicle that works to fairly present the claim." Doc. No. 6, p. 2. Respondents state that if petitioner files a petition seeking state habeas corpus review of the denial of his motion to dismiss and is denied, he must refile the petition with a state appellate court to seek appellate review. Doc. No. 6, p. 3. Furthermore, respondents argue that petitioner's claims are not cognizable in federal habeas. Id. In response, petitioner argues that the denial of his motion to dismiss for failure to prosecute within 180 days was a violation of his Sixth Amendment right to a speedy trial

and that his arrest and detention violate his protections against unreasonable searches and seizures under the Missouri and United States Constitutions. Doc. No. 8, p. 3.

Federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in the state courts before seeking federal habeas corpus relief. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956 (1987); Politano v. Miller, 2008 WL 906300, *3 (D. Minn. Mar. 31, 2008). "Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." Bonner v. Circuit Court of City of St. Louis, Missouri, 526 F.2d 1331, 1336 (8th Cir. 1975), cert denied, 424 U.S. 946 (1976) (citations omitted). Thus, federal courts should abstain from the exercise of pretrial habeas corpus jurisdiction if the issues raised by petitioner "may be resolved either by a trial on the merits in state court or by other state procedures available to the petitioner." Dickerson, 816 F. 2d at 225. Therefore, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973). Federal habeas corpus should not be used as a "pre-trial motion forum for state prisoners." Braden, 410 U.S. at 493.

Petitioner's grounds in this federal petition must be presented to the state trial court and/or state appellate courts as part of his state criminal proceedings and must then be raised again to the state post-conviction and appellate courts if he is convicted. Rose v. Lundy, 455 U.S. 509, 520 (1982). Unlike Braden, petitioner has not made repeated demands for trial to the state court. Braden, 410 U.S. at 489-90. Instead, the Missouri Case.Net electronic docket sheet shows that petitioner has made multiple requests for the court not to set a trial date, with the most recent request for continuance having

3

occurred on March 22, 2012.[1]  As a result, petitioner's allegations do not constitute "special circumstances" permitting pretrial habeas corpus consideration of his claims because they do not demonstrate that petitioner has been deprived of his constitutional rights.  Id. at 490.  Because consideration of petitioner's pretrial claims are not justified under either the exhaustion doctrine or the abstention doctrine, the Court will dismiss this petition.

Petitioner also must present all of his post-trial grounds for relief to the state court in order to exhaust all available state court remedies before his claims can be considered in a federal habeas proceeding.  28 U.S.C. § 2254(b) and (c).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed without prejudice.

      /s/ Fernando J. Gaitan, Jr.
FERNANDO J. GAITAN, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: April 9, 2012 .

---

[1] Mo. Rev. Stat. § 545.780 states that if defendant files a request for a speedy trial, "then the court shall set the case for trial as soon as reasonably possible thereafter."  Although plaintiff has moved to dismiss the case for failure to prosecute within 180 days, he does not allege that he has filed a request for a speedy trial.